UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ABEL MARRERO NODA, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 1:20-cv-128 |
| § | | |
| WILLIAM BARR, ET AL., § | | |
| Respondents. § | | |
| § | | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Abel Marrero Noda's "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (hereinafter, Marrero Noda's "Petition" or "§ 2241 Petition"). Dkt. No. 1. The Court is also in receipt of Respondents' "Motion to Dismiss." Dkt. No. 12. For the reasons provided below, it is recommended that the Court: (1) **DENY** Marrero Noda's § 2241 Petition; (2) **GRANT** Respondents' Motion to Dismiss; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241.[1]

---

[1] Although Marrero Noda has been transferred to the Etowah Alabama Detention Center after filing his Petition, the Court found it maintains jurisdiction under *Griffin v. Ebbert*. 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.") (internal citations omitted); Dkt. No. 10.

## II. Factual and Procedural Background

Marrero Noda unlawfully entered the United States on May 31, 2019; United States Border Patrol agents apprehended him later that same day in Roma, Texas, about 1,200 to 1,500 feet from the U.S.-Mexico border. Dkt. No. 1 at 4; Dkt. No. 12 at 2; Dkt. No. 13-1.[2] On August 27, 2019, an asylum officer determined Marrero Noda had established a credible fear claim. Dkt. No. 12 at 2; Dkt. No. 13-2 at ¶ 8. On February 13, 2020, an immigration judge denied Marrero Noda's asylum claim and ordered him removed to Cuba. Dkt. No. 1 at 5; Dkt. No. 12 at 2; Dkt. No. 13-2 at ¶ 9; Dkt. No. 13-3. Marrero Noda did not appeal this decision. Dkt. No. 12 at 2; Dkt. No. 13-2 at ¶ 9; Dkt. No. 13-3.

Marrero Noda filed his Petition on August 21, 2020, while in custody at the Port Isabel Detention Center. Dkt. No. 1; Dkt. No. 13-2 at 2. Marrero Noda argues his denial of asylum and continued detention violate the Supreme Court holding in *Zadvydas*, as well as his procedural and substantive due process rights. Dkt. No. 1 at 6-8. Respondents filed their Motion to Dismiss on October 21, 2020. Dkt. No. 12. They argue Marrero Noda failed to state a *Zadvydas* claim. *Id.* at 4-8. They further argue Marrero Noda's due process claims are invalid because the Constitution: 1) affords him few causes of action; 2) is mostly inapplicable to him; and 3) does not apply to his alleged claims. Dkt. No. 12 at 8-10.

---

[2] The Court found the latitude and longitude of the arrest and utilized Google Maps to approximate the Euclidian distance from the border. Dkt. No. 13, Ex. 1; GOOGLE MAPS, https://www.google.com/maps/place/26%C2%B024'46.8%22N+99%C2%B001'26.0%22W/@26.413,-99.0260887,17z/data=!3m1!4b1!4m5!3m4!1s0x0:0x0!8m2!3d26.413!4d-99.0239 (right-click and select "Measure distance").

### III. Standards of Law

**a) FED. R. CIV. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject-matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. FED. R. CIV. P. 12(b)(1); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

**b) FED. R. CIV. P. 12(b)(6)**

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, Civil Action No. H–17–2021, 2017 WL 4155477, at *1 (S.D. Tex., 2017). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand

a Rule 12(b)(6) challenge, then, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570. This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* In *Twombly*, the Supreme Court stressed that it did not impose a probability standard at the pleading stage; however, an allegation of a mere possibility of relief does not satisfy the requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. A court also need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

### c) *Zadvydas* Claim

After an alien is ordered removed, the Attorney General has 90 days to effect the removal. 8 U.S.C. § 1231(a)(1)(A). If the Attorney General fails to remove the alien within the 90-day removal period, "the alien, pending removal, shall be subject to supervision." 8 U.S.C. § 1231(a)(3). However, there is an exception to this rule of supervised release:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period.

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the Supreme Court found that 8 U.S.C. § 1231(a)(6) is subject to a reasonableness limitation on its discretion to detain, which is enforceable by the courts. 533 U.S. 678, 699-702 (2001). The Supreme Court reached its conclusion pursuant to the avoidance doctrine to avoid a "serious constitutional threat" when applied to admitted but removable aliens. *Id.* at 699. Because inadmissible aliens are governed by the same statute, the Supreme Court held the *Zadvydas* test also applies to inadmissible aliens. *Clark v. Martinez*, 543 U.S. 371, 378 (2005).

Under the *Zadvydas* test for reasonableness, the courts "should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." 533 U.S. at 699. "After [a] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Even after six months pass, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

### d) Entry Fiction and Constitutional Applicability

An inadmissible alien may be treated as if outside the United States even if technically within its territorial confines. *Castro v. Cabrera*, 742 F.3d 595, 599-600 (5th Cir. 2014) ("[E]xcludable aliens that have been denied entry into the United States, even when technically within U.S. territory, may be 'treated, for constitutional purposes, as if

stopped at the border'") (quoting *Zadvydas*, 533 U.S. at 693). This "entry fiction" applies even if an alien is detained shortly after entering the United States outside a port of entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1982 (2020) ("[A]n alien who tries to enter the country illegally is treated as an 'applicant for admission,' § 1225(a)(1), and an alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry'") (quoting *Zadvydas*, 533 U.S. at 693). When an inadmissible alien is apprehended at the border, this means the Constitution is generally inapplicable to him or her. *Thuraissigiam*, 140 S. Ct. at 1964 ("apprehended just 25 yards from the border. He therefore has no entitlement to procedural rights other than those afforded by statute.") ("cannot claim any greater rights under the Due Process Clause"). However, the Fifth Circuit qualified this exclusion of constitutional rights with a "right of excludable aliens detained within United States territory to humane treatment." *Lynch v. Cannatella*, 810 F.2d 1363, 1373 (5th Cir. 1987). This right has been limited to being free from "gross physical abuse." *Gisbert v. U.S. Atty. Gen.*, 988 F.2d 1437, 1442 (5th Cir.), *amended*, 997 F.2d 1122 (5th Cir. 1993).

## IV. Discussion

### a) Due Process Claims

United States Border Patrol agents arrested Marrero Noda only about a quarter of a mile from the U.S.-Mexico border and seemingly immediately after crossing. Dkt. No. 1 at 4; Dkt. No. 12 at 2; Dkt. No. 13-1.[3] This is not enough to effect an entry or to

---

[3] The Court utilized the latitude and longitude of the arrest from Dkt. No. 13-1 and utilized Google Maps to approximate the euclidean distance from the border. GOOGLE MAPS, https://www.google.com/maps/place/26%C2%B024'46.8%22N+99%C2%B001'26.0%22W/@26.413,-99.0260887,17z/data=!3m1!4b1!4m5!3m4!1s0x0:0x0!8m2!3d26.413!4d-99.0239 (right-click and select "Measure distance").

"integrate[] to some degree into the population." *Lynch*, 810 F.2d at 1373. Marrero Noda therefore cannot avail himself of constitutional rights as alleged in his claims. *See Thuraissigiam*, 140 S. Ct. at 1964; *Gisbert*, 988 F.2d at 1442-43 ("excludable aliens may legally be denied other due process rights, including the right to be free of detention") ("petitioners do not have a general right to the procedural due process guarantees of the Fifth Amendment"). Marrero Noda can only rely on violation of substantive due process allegations to state a claim concerning inhumane treatment. *Lynch*, 810 F.2d 1373; *Castro*, 742 F.3d 600. Marrero Noda's only claim for a violation of substantive due process relies on his "continued detention." Dkt. No. 1 at 7. This claim fails as no facts are pleaded concerning inhumane treatment or gross physical abuse. Marrero Noda, then, fails to state a claim based on substantive or procedural due process.

### b) *Zadvydas* Claim

Following six months of detention, Marrero Noda must show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Marrero Noda bears the initial burden of proof. *Id.* at 701; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Over six months have passed since Marrero Noda was declared removable on February 13, 2020; he did not appeal the order of removal. Dkt. No. 1 at 5; Dkt. No. 12 at 2; Dkt. No. 13-2 at ¶ 9; Dkt. No. 13-3. The task is an unenviable one, as the Government seeks to remove Marrero Noda during a unique and unpredictable time: the COVID-19 pandemic. Cuba currently forbids repatriations but provides the Government with updates on an estimated monthly or bi-weekly basis. Dkt. No. 13-2 at 3. As of October 20, 2020, Cuba had forbidden travel through October 31; however, Marrero Noda has presented no evidence concerning his removal beyond that date. Dkt. No. 13-2 at 3. While the ban on travel to Cuba could have

been extended beyond October 31, the Court has before it no relevant information, and the likelihood of Marrero Noda's removal is unknown. Marrero Noda, then, has not met his initial burden of showing "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

This finding follows those made by other district courts in this circuit. In *Tekleweini-Weldemichael v. Book*, the court held the petitioner had not provided enough evidence that the COVID-19 pandemic would preclude a significant likelihood of removal. No. 1:20-CV-660-P, 2020 WL 5988894, at *1 (W.D. La. Sept. 9, 2020), *report and recommendation adopted*, No. 1:20-CV-660-P, 2020 WL 5985923 (W.D. La. Oct. 8, 2020). In doing so, the court relied on *Shah v. Wolf*, which held that the closing of Pakistan's borders to international travel due to the global pandemic did not rise above the level of mere speculation of no significant likelihood of removal. No. 3:20-CV-994-C-BH, 2020 WL 4456530, at *3 (N.D. Tex. July 13, 2020), *report and recommendation adopted*, No. 3:20-CV-994-C-BH, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020).

However, a court in another division of this district has held otherwise. In *Ali v. Dep't of Homeland Sec.*, the court found the increased spread of the COVID-19 virus precluded the deportation of the petitioner. 451 F. Supp. 3d 703, 707-708 (S.D. Tex. 2020). In that case, United States District Judge Keith P. Ellison noted the pandemic worsening in both the United States and Pakistan, and the continued spreading of the virus between nations; Judge Ellison highlighted the fact that the Pakistani travel ban affected all travel, not only deportations. *Id.* at 708. The case was decided on April 2, 2020. *Id.* The present case concerns the COVID-19 pandemic months later and a travel

ban affecting only deportations; Cuba has already reopened its borders to tourism.[4] Marrero Noda's assertion that there is no significant likelihood of removal in the foreseeable future is unsubstantiated.

Critically, Marrero Noda makes no mention of the current pandemic in his Petition. Dkt. No. 1. As stated previously, Marrero Noda bears the burden of demonstrating "there is no significant likelihood of removal in the foreseeable future." *Zadvydas*, 533 U.S. at 701. Marrero Noda only notes that United States Immigration and Customs Enforcement has failed to deport him in the past; this does not meet his burden of proving there is no significant likelihood in the future. Dkt. No. 1 at 5. Such allegations do not support a claim under *Zadvydas*. Unable to meet his initial burden in these uncertain times, Marrero Noda "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Even assuming arguendo Marrero Noda had met his initial burden, Respondents have put forth sufficient rebuttal evidence. Respondents have shown that Marrero Noda was already scheduled for deportation on a flight dated March 27, 2020. Dkt. No. 13-2 at 2. As noted, Cuba has reopened its airports for tourism; when it reopens them for ICE missions, Marrero Noda may soon be removed to Cuba. Although not absolute, there appears to be a significant likelihood of Marrero Noda's removal in the reasonably foreseeable future.

---

[4] *COVID-19 Information*, U.S. Embassy in Cuba, https://cu.usembassy.gov/covid-19-information/.

## V. Recommendation

It is recommended that the Court: (1) **DENY** Marrero Noda's § 2241 Petition; (2) **GRANT** Respondents' Motion to Dismiss; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **20th** day of January, 2021 at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**